## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANAJAI CALCAÑO PALLANO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N09C-11-021 JRJ |
| | ) | |
| THE AES CORPORTATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW TO WIT**, this 4th day of January, 2016, the Court having duly considered AES's Motion for Separate Trials;[1] Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Separate Trials;[2] Plaintiffs' Opening Memorandum in Support of a Joint Trial of Plaintiffs' Claims Commonly Arising Out of AES's Dumping of Coal Ash Waste in Arroyo Barril;[3] and AES's Opposition to Plaintiffs' Motion for a Joint Trial;[4] **IT APPEARS THAT:**

1. This litigation arises out of the alleged unlawful dumping of toxic industrial waste ("Coal Ash Waste" or "Waste") in the Dominican Republic by The AES Corporation ("AES") and four of its wholly owned subsidiaries, AES

---

[1] AES's Motion for Separate Trials ("Defs.' Mot. Separate Trials") (Trans. ID. 57752904).

[2] Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Separate Trials (Trans. ID. 57899787).

[3] Plaintiffs' Opening Memorandum in Support of a Joint Trial of Plaintiffs' Claims Commonly Arising Out of AES's Dumping of Coal Ash Waste in Arroyo Barril (Pls.' Mot. Joint Trial") (Trans. ID. 57753330).

[4] AES's Opposition to Plaintiffs' Motion for a Joint Trial ("Defs.' Opp'n") (Trans. ID. 57898787).

Atlantis, Inc.; AES Puerto Rico, LP; AES Puerto Rico, Inc.; and AES Puerto Rico Services, Inc. (collectively "Defendants").[5] Plaintiffs, residents of the Dominican Republic, allege they were "wrongfully exposed to reproductive, carcinogenic, and other toxins in the Coal Ash Waste, either directly or *in utero*, and as a result, suffered severe personal injuries, including birth defects and death."[6] These birth defects include, but are not limited to, conjoined twins, missing limbs, missing organs, internal organs extruding from the body, cranial and bony malformations, central nervous system injuries, and gastrointestinal deformities.[7]

2. Twenty-five plaintiffs initially brought suit against the Defendants.[8] By agreement of the parties, the above captioned matter (*Pallano*) was designated to proceed first.[9]

3. According to Defendants, a joint trial will cause significant prejudice and confuse the jury because the fact that there are multiple plaintiffs will improperly suggest to the jury that there must be a common cause for the Plaintiffs' birth defects, even though each Plaintiff has unique injuries.[10] Defendants also argue that a joint trial will not serve judicial economy because: (1) the Plaintiffs'

---

[5] Second Amended Complaint ¶¶ 1, 4 ("SAC") (Trans. ID. 40099941).
[6] *Id.* ¶ 16.
[7] *Id.* ¶ 2.
[8] Pls.' Mot. Joint Trial at 1–2.
[9] *Id. See also* Trans. ID. 43495871.
[10] Defs.' Mot. Separate Trials at 10–12; Defs.' Opp'n at 13–15.

exposures and pregnancies are not similar and occurred at different times; and (2) each Plaintiff's alleged injuries are not similar.[11]

4.  Delaware Superior Court Civil Rule 20(a) provides, in pertinent part:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action . . . .

"This rule, like the federal rule it is modeled after, is permissive in nature with the purpose of promoting trial convenience, expediting the final disposition of disputes and thereby preventing multiple lawsuits."[12]  However, pursuant to Rule 20(b), the Court "may order separate trials or make other orders to prevent delay or prejudice."

5.  Pursuant to Delaware Superior Court Civil Rule 42(b):

The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

6.  In this case, all of the Plaintiffs' claims arise out of the Defendants' alleged unlawful dumping of Coal Ash Waste at the Arroyo Barril port located in the Samaná Province, and all of the Plaintiffs' claims rely upon the same theory that direct or *in utero* exposure to Coal Ash Waste and its toxic constituents

---

[11] Defs.' Mot. Separate Trials at 12–14; Defs.' Opp'n at 15–17.
[12] *Sequa Corp. v. Aetna Cas. & Sur. Co.*, 1990 WL 123006, at *7 (Del. Super. 1990)

3

between 2004 and 2008 caused their injuries. All of the claims *sub judice* share evidence and witnesses relating to the Defendants' dumping and removal of the Coal Ash Waste, testimony from AES's representatives and eyewitnesses from Puerto Rico and the Dominican Republic, and expert testimony relating to causation and damages. Although the Plaintiffs' injuries are not identical, many of the Plaintiffs have similar injuries, including cognitive and developmental delays, limb abnormalities, and digestive abnormities.

7. This litigation began in 2009 and trial is scheduled to begin April 4, 2016. After considering the parties' arguments, the facts of this case, and the relevant rules and law, the Court does not find that separate trials are warranted. Severance would be inefficient, duplicative, and expensive.

**WHEREFORE,** for the foregoing reasons, Defendants' Motion for Separate Trials is **DENIED** and Plaintiffs' Motion for a Joint Trial is **GRANTED.**

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

4